1  GREGORY MCKENNA
   10965 Bluffside Drive, 462
2  Studio City, CA 91604
   (310) 493-4990
3  Mckenna.greg@gmail.com
   In Pro Per
4



NO CV7|
NO CV30

2:25-CV-00648-UA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREGORY MCKENNA,            )
                           )   PETITION TO MODIFY OR VACATE
        Petitioner,        )   ARBITRATION AWARD
                           )
    vs.                    )
                           )
PANDA MOTORS, LLC.,        )
                           )
        Respondent         )

# **Petition To Modify Or Vacate Arbitration Award**

Pro se Petitioner, Gregory McKenna, respectfully moves this Court to modify or vacate the

arbitration award issued on October 15, 2024, in the above-captioned matter pursuant to 9 U.S.C. §10(a)

and 11 of the Federal Arbitration Act (FAA). Petitioner requests that this Court vacate the arbitration

award on the grounds of fraud, arbitrator bias, corruption, and misconduct. Specifically, the arbitrator's

award of $5,700—substantially less than $40,000+ in lost economic damages plus statutory relief—was

the result of the arbitrator's failure to properly consider material evidence, including 5 failed repairs of a

defective 2013 BMW, and his disregard for the implied warranty of merchantability under federal and

state law. As a result, the award was both manifestly unjust and contrary to law.

## I. INTRODUCTION

In this case, Petitioner purchased a 2013 BMW from Respondent, Panda Motors, in 2020, a vehicle that was defectively sold with ongoing mechanical issues. Despite multiple attempts at repairs—5 in total—the vehicle's defects persisted, rendering the car unfit for use and posing a severe safety hazard. During arbitration, Petitioner presented clear and compelling evidence of these failed repairs, the defective nature of the vehicle, and Defendant's failure to meet its obligations under the implied warranty of merchantability and California Lemon Laws. The Petitioner also presented evidence that demonstrated the Respondent sold him a bugged BMW with illegal communication devices designed to cause severe harassment, pain and suffering, as part of an ongoing harassment campaign orchestrated by a third party gang responsible for stalking him. However, the arbitrator ignored Petitioner's evidence and his award was grossly inadequate, awarding only $5,700 instead of the $80,000+ in damages that Petitioner sought. This decision constitutes a result of miscalculation, arbitrator bias, corruption, or misconduct, justifying the modifying or vacating of the award under 9 U.S.C. § 10(a) and 11.

### II. LEGAL STANDARD FOR VACATING ARBITRATION AWARD

Under 9 U.S.C. § 10(a), a court may vacate an arbitration award where:

1. The award was procured by corruption, fraud, or undue means;

2. There was evident partiality or corruption in the arbitrators;

3. The arbitrators were guilty of misconduct in refusing to hear pertinent and material evidence or of any other misbehavior by which the rights of any party have been prejudiced; or

4. The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award was not made.

Under 9 U.S.C. § 11, which governs the correction or modification of arbitration awards under the Federal Arbitration Act (FAA), the standard of review is narrowly focused and deferential to the

arbitration process. Courts generally do not reexamine the merits of the arbitration decision but can modify or correct an award for specific, limited reasons.

Grounds for Modification or Correction under (9 U.S.C. § 11):

The statute allows a court to modify or correct an arbitration award if:

1.  There is an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

2.  The arbitrators have awarded upon a matter not submitted to them, unless it does not affect the merits of the decision on the matters submitted.

3.  The award is imperfect in form, not affecting the merits of the controversy.

In this case, the Petitioner seeks modification or vacatur based on the arbitrator's miscalculation and misconduct, including the failure to apply the implied warranty of merchantability, and the arbitrary and capricious decision resulting in an award that deviates substantially from the evidence. Petitioner also seeks vacatur for fraudulent evidence presented by the Respondent in the arbitration.

### III. FACTUAL BACKGROUND

On May 22, 2020, Petitioner purchased a used 2013 BMW from Respondent, a vehicle which, unbeknownst to Petitioner, was defectively manufactured and unfit for use. Petitioner presented evidence that, over the course of multiple attempts, the vehicle underwent five failed repair attempts, each of which was insufficient to resolve the mechanical issues. (*see Exhibit 1*, Respondent's Document Exchange For Arbitration, Invoices 5689, 4521, 82111)*. Testimony and repair records demonstrated that the vehicle could not be fixed and was unfit for its intended purpose, making it defective under state and federal law, which incorporated the implied warranty of merchantability. At the hearing, Petitioner

---

*Repair jobs at BMW of Ontario and at a mechanic in Inglewood, CA, were each testified to by Petitioner and Respondent without invoices.

presented evidence in the form of videos of the car broken down after the alleged repairs with the "Drivetrain Malfunction" light on, email complaints to the Dealership, records of diagnoses from BMW and Autozone, and testimony of paid repairs to the dealer's mechanic for the incomplete repair jobs. (*see Exhibit 2*, Petitioner's Submitted Text Message History to Respondent's Salesman) The Respondent admitted he willfully and knowingly refused to accept a return on the vehicle despite knowledge of the unsuccessful repair jobs to demonstrate he intentionally violated California warranty laws in an evil plot to wrong the Petitioner and cause undue suffering. Despite the overwhelming evidence of the vehicle's defects and failure to comply with the warranty, the arbitrator awarded Petitioner only $5,700, a fraction of the $80,000+ in damages Petitioner sought. The arbitrator's failure to account for the established defects after the failed repairs, the warranty violation, and the significant damages to Petitioner resulted in a manifestly unjust award.

Petitioner also included evidence of illegal communication devices that was wrongfully ignored by the arbitrator to demonstrate his partiality and corruption. Video recordings and testimony were proffered that demonstrated live harassment from his bugged BMW radio transmitted by a third party gang to prove the car was illegally bugged when it was sold to him. (*see Exhibit 3*, Video of Harassment from Illegal Communication Devices in BMW; *see also Exhibit 4*, Video of Bug Sweep on BMW) The arbitrator's failure to consider critical evidence regarding the presence of hidden and illegal communication devices constitutes an act of prejudice and misconduct. These devices, which were concealed within the vehicle without Plaintiff's knowledge, caused substantial emotional harm and violated California privacy laws. Despite being presented with clear evidence of this tortious conduct, the arbitrator disregarded it without explanation, suggesting bias and a failure to exercise impartial judgment when calculating the award.

## IV. LEGAL ARGUMENTS

A. **Arbitrator Bias and Corruption**

Petitioner asserts that the arbitrator exhibited evident bias in making a decision that drastically undermines the facts of the case and the applicable law. Under the FAA, evident partiality can arise when an arbitrator exhibits a clear lack of neutrality (*Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 150 (1968)). Here, the arbitrator ignored material evidence, including documented failed repairs and a highly relevant *Gellis v. BMW* class action settlement ruling that demonstrated the 2013 BMW 528i contained an illegal defect with the oil pump and timing chain that ended the car's lifespan before its expected reasonable duration, and made an award far below what was reasonable under the circumstances. (see *Exhibit 5*, Arbitrator's Award)(see also *Gelis v. BMW of North America LLC* is 2:17-cv-07386-CLW). The evidence clearly demonstrated that the Respondent refused to fix the vehicle and intentionally violated express and implied warranty laws to force Petitioner to continue driving it so he could not reasonably receive "the benefit of the bargain". *Id.* Effectively, the arbitrator offered his legal theories *sua sponte* in favor of the Respondent while failing to apply well-established precedent in support of implied warranty statutes that rendered the vehicle worthless without the repairs. This failure to properly consider all the evidence and apply the law suggests that the arbitrator violated public policy and acted in bad faith, demonstrating partiality or even corruption in his evaluation of the case.

B. **Failure to Apply the Implied Warranty of Merchantability**

The implied warranty of merchantability requires that goods sold by merchants be fit for their ordinary use (U.C.C. § 2-314). Plaintiff presented compelling evidence that the 2013 BMW was defectively sold, and Defendant had failed to correct the issue after several repair attempts. In the award, the arbitrator agreed, "Respondent appears to have been negligent in selling the vehicle with a defective engine", which should have led to a significantly higher award, as the car's defective condition rendered

it unfit for use. (*see Exhibit 5*, Arbitrator's Award) By awarding only $4,000 in rental car expenses (plus $1,700 in interest), the arbitrator failed to apply the relevant evidence to the entirety of the case. Since the vehicle was negligently sold defective and it was never successfully repaired, then logic necessarily follows that the Respondent is liable to the Petitioner for suffering daily breakdowns, deprivation of safety, shortened longevity of the engine, cost of repairs, mental anguish, consequential damages and his right to enjoyment of the vehicle. The failure to properly evaluate this evidence resulted in an award that is both arbitrary and unjust. The arbitrator's decision to issue such a low award, despite the evidence of significant damages, prejudices Plaintiff's right to a fair resolution.

The FAA does not permit awards that ignore substantive legal rights or equitable principles. See *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 585 (2008) (Arbitration awards must be consistent with legal standards); *Laguna v. Coverall North America, Inc.,* 753 F.3d 918, 923 (9th Cir. 2014)(Arbitration awards must be consistent with public policy); *United States Life Insurance Co. v. Superior National Insurance Co.*, 591 F.3d 1167 (9th Cir. 2010) ("An arbitrator's refusal to hear pertinent and material evidence can constitute misconduct under the FAA, warranting vacatur of the award."). Applied to this case, allowing an award to stand where Petitioner was forced to retain a defective vehicle because of Respondent's willful refusal to repair it undermines the purpose of warranty protections and statutory guidelines. Additionally, failure to consider or apply all pertinent evidence constitutes misconduct on the part of the arbitrator. *Truong v. E\*Trade Financial Corp.,* 2007 WL 4356765 (N.D. Cal. 2007). Therefore, the arbitrator's failure to adhere to evidence and widely accepted legal standards should be considered misconduct and the case remanded for modification.

**C. The Arbitrator Acted with Prejudice and Corruption by Ignoring Evidence of Illegal Communication Devices**

One of Petitioner's causes of actions was conspiracy, particularly that the BMW was bugged with illegal communication devices planted by a group of gang stalkers who have followed him around for over 20 years. (see *Exhibits 3 and 4*). The evidence included video recordings of illegally transmitted death threats originating from the bugged BMW's radio, videos of a bug sweep and expert testimony from a private investigator that proved the Petitioner is a victim of stalking and gang violence.

The arbitrator's failure to consider critical evidence regarding the presence of hidden and illegal communication devices constitutes an act of prejudice and misconduct. These devices, which were concealed within the vehicle without Plaintiff's knowledge, caused substantial emotional harm and violated California privacy laws and implied warranty statutes. Despite being presented with clear evidence of this tortious conduct, the arbitrator disregarded it without explanation, suggesting bias and a failure to exercise impartial judgment when calculating the award.

Under 9 U.S.C. §10(a)(2), an arbitration award may be vacated where there was evident partiality or corruption by the arbitrator. The arbitrator's deliberate omission of Plaintiff's compelling evidence of illegal communication devices planted in his BMW meets this standard. *See Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150 (1968) (requiring impartiality and disclosure to ensure fair arbitration). This conduct not only affected Plaintiff's right to a fair arbitration process but also materially altered the outcome of the case. The arbitrator's apparent prejudice warrants modification of the award or vacatur to correct the miscarriage of justice.

**D. The Respondent Submitted Fake Invoices And Perjured His Testimony To Warrant Modification or Vacatur**

The Respondent, in support of his defense, submitted an invoice that was later revealed to be allegedly fraudulent. Specifically, the Petitioner and Respondent proffered their copies of the same

invoice for the BMW repairs that beared the same invoice number as proof of alleged repairs completed on the vehicle. (*see Exhibit 1*, California Brothers Invoice 5689 submitted by Respondent; see also *Exhibit 2*, Text Message History With Respondent Before and After the Repairs—California Brothers Invoice 5689) The Respondent was allegedly unaware that a copy of the invoice was texted to Petitioner by his salesman in 2021. These invoices with the same invoice number listed separate repair jobs for the same engine repairs, each totaling $1,828.90, proving an attempt to deceive the arbitrator by fabricating repair documentation. The invoices also contained discrepancies in the quantities and prices of identical repair jobs to prove the Respondent falsified evidence of repairs to deceive the Petitioner and arbitrator. Additionally, the print date on the Respondent's invoice stated, "5/23/2024", whereas a date was not included on the original invoice texted to Petitioner in 2021, to suggest the Respondent's invoice was intentionally falsified solely for arbitration.

In addition to the fraudulent invoices, Petitioner was forced to personally pay for the same repairs after the car was returned, further corroborating that the repairs were never completed as claimed by the Respondent. (*see Exhibit 7*, Petitioner's Arbitration Demand, paragraph 19) When the vehicle was returned to the Petitioner, it was clear that the necessary repairs were never carried out. The Dealer's malicious intent was clear: to mislead the Petitioner and the arbitrator into believing that the vehicle had been fixed, while in reality, no repairs were made. Despite no solid proof of repairs and Petitioner arguing at the hearing that the Respondent's invoice was fabricated, including emails to the arbitrator immediately after the hearing, the arbitrator sympathized heavily with the Respondent and showed favoritism that prejudiced the Petitioner by ignoring the fabricated evidence and perjured testimony. (*see Exhibit 8*, Emails to Arbitrator's Secretary on 9/18/2024) Such deceptive actions constitute both fraud and bad faith on the part of the Respondent and arbitrator.

The courts have reaffirmed that under the FAA, an arbitration award can be modified or vacated if there is evidence of fraud or misconduct that significantly affected the fairness of the arbitration proceedings. *Biller v. Toyota Motor Corp.,* 668 F.3d 655 (9th Cir. 2012) ("A court may vacate an arbitration award under 9 U.S.C. § 10(a)(1) for fraud or misconduct that undermines the fairness of the process."). Although not directly from California, federal courts have ruled that the submission of false documents in arbitration cases can lead to an adjustment or vacation of an arbitration award. *U.S. v. Am. Sec. & Trust Co.,* 77 F.2d 271 (D.C. Cir. 1935)( "False evidence presented during arbitration can result in a modification or vacating of an award if it is shown that the evidence had a substantial impact on the outcome of the case."); *Odeon Capital Group LLC v. Ackerman*, No. 16-1545 (2d Cir. 2017)(To vacate an arbitration award on the grounds of fraud, the petitioner must demonstrate that the fraud was material to the award, meaning there must be a nexus between the alleged fraud and the arbitrators' decision. The petitioner does not need to prove that the arbitrator would have reached a different result absent the fraud.) The Ninth Circuit has consistently upheld that the issue of fraud in arbitration, specifically where false testimony and evidence were presented during the arbitration process could cause a modification or complete vacating of the award. *Saks v. PGA Tour, Inc.,* 173 F.3d 150 (9th Cir. 1999) ("A court may vacate an arbitration award if there is evidence that the award was procured by fraud or corruption.").

The fraud committed by the Respondent, as outlined above, directly impacts the fairness and integrity of the arbitration proceeding. As a direct result of the fraudulent invoices and perjured testimony, the arbitrator believed the Respondent acted in good faith to repair the defective vehicle while in reality he was involved in an evil plot to intentionally inflict pain and suffering on the Petitioner for unjust financial gain. Under the FAA, a modification of the award is warranted when a party engages in fraud or deceit. (9 U.S.C. § 10(a)(1)) The Petitioner's claims that the repairs were not completed are

substantiated by the falsification of evidence, which undermines the credibility of the award and necessitates its modification.

In light of these facts, Petitioner respectfully requests that the arbitration award be modified to reflect the fraudulent conduct of the Respondent, and that the Petitioner be afforded appropriate relief for the damage caused by the Respondent's deceit.

**E. Plaintiff Is Entitled to Pain and Suffering and Punitive Damages in the Award Calculation**

The emotional harm and distress caused by the Respondent's intentional disregard for the laws while allegedly overseeing the planting of illegal surveillance devices in the sale of Petitioner's vehicle warrant an award for pain and suffering in the award. Under federal and California law, damages for emotional distress and mental anguish are recoverable when tortious or egregious conduct is proven. *See Hernandez v. Hillsides, Inc.,* 47 Cal. 4th 272, 286 (2009). In arbitration cases governed by the FAA, punitive damages are appropriate where intentional or malicious conduct is demonstrated. *See Bowen v. Amoco Pipeline Co.,* 254 F.3d 925, 934 (10th Cir. 2001).

The concealed communication devices were installed with intent to invade privacy and harass the Petitioner, causing him substantial distress. The Respondent's behavior justifies punitive damages to deter similar misconduct, especially since the organized crime conspiracy to harass the Petitioner continues. Punitive damages aim to punish defendants whose actions exceed negligence and exhibit malicious intent. *See Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 19 (1991). Considering the severe mental and emotional harm suffered and Respondent's malicious conduct, Petitioner requests that the arbitration award be modified to include pain and suffering and punitive damages as permitted by federal and California law.

**F. Applicable Case Law Supports Restitution as a Remedy**

California and federal precedent support modifying arbitration awards where significant legal principles are overlooked. In *Laguna v. Coverall North America, Inc.,* 753 F.3d 918, 923 (9th Cir. 2014), the court emphasized that arbitration awards must be consistent with public policy. Restitution is a proper remedy for breaches of the implied warranty of merchantability. *See Moore v. Hubbard & Johnson Lumber Co.,* 149 Cal. App. 2d 236 (1957) (allowing restitution for nonconforming goods). In this case, restitution is appropriate where Respondent failed to provide a merchantable vehicle. Petitioner seeks modification of the award to grant restitution for proper consideration of the implied warranty claim.

## V. CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that the Court modify or vacate the arbitration award issued on October 15, 2024, pursuant to 9 U.S.C. § 10(a) and 11 for miscalculation, fraud, arbitrator bias, corruption, or misconduct. The arbitrator's failure to consider key evidence and apply the implied warranty of merchantability and other statutes led to an unjust and legally untenable result. The fraudulent evidence also renders the arbitration corrupted so that a modification is warranted. Petitioner therefore requests that the Court remand the matter for modification or provide other such relief as may be just and proper.

## VI. PRAYER FOR RELIEF

Considering the exceptional circumstances of this case where Petitioner is stalked, extorted and tortured by a third party gang and their assigns with no FBI or Police protection, Petitioner seeks an Order from this Court to modify the award. A remanding of the case back to the AAA only for rehearing without an Order to modify ignores the corruption and misconduct that will continue to alter the outcome of the case since the criminal conspiracy is continuing. For the foregoing reasons, Petitioner respectfully requests this Court for the following relief:

1. Modify the arbitration award to reflect a finding of breach of the implied warranty of merchantability;

2. Award restitution in an amount reflecting the return of the purchase price caused by breach of warranty that undermined Petitioner's benefit of the bargain under the contract;

3. Award damages for emotional distress caused by the hidden illegal communication devices;

4. Award relief in the form of forfeiture of the case for the damage caused by the Respondent's deceit and fraudulent evidence;

5. Award pain and suffering and punitive damages based on the malicious conduct involved; and/or

6. Remand the case for modification consistent with this Court's order.

Dated This Day 13th Day of January, 2025

Respectfully submitted,

Gregory McKenna
Pro se Petitioner

**PROOF OF SERVICE**

STATE OF CALIFORNIA

LOS ANGELES COUNTY

I am over the age of 18 and a party to the within action, my address is: 10965 Bluffside Drive, 462, Studio City, CA 91604.

On January 13, 2025, I served the following documents:

     I.     PETITION TO MODIFY OR VACATE ARBITRATION AWARD

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Madison Law, APC

James Sifers and Paige Sirey, Attorneys for Respondent

17702 Mitchell North

Irvine, CA 92614

Jsifers@madisonlawapc.com

Psirey@madisonlawapc.com

I also sent the attached documents via email to addressees' office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2025.

Gregory McKenna, Petitioner

Gregory McKenna
10965 Bluffside Dr., 462
LA. CA 91604



Santa Clarita P&DC 01-91383
WED 15 JAN 2025 PN



RECEIVED
CLERK U.S DISTRICT COURT

JAN 22 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

US District Court
Attn: Clerk's Office
350 West 1st Street, Suite 4311
LA, CA 90012-4565

003661